# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

_____

DAVID C. TRAUB, RICHARD O. CABAEL, WILLIAM R. SOTKA, ERN ANDREW GREGORIO, GLORIA GISELDA N. ARROYO, WINELDA C. YCOY, SIMON U. CABAEL, and CHRISTOPHER R. ASIS,

    Plaintiffs,

v.

STARDUST389, INC., AIRLOCK389, INC., CHRISTOPHER H. COOPER and PATRICIA ANN BELLASALMA,

    Defendants,

_____

Case No. 1:22-cv-01582-SRF

## PLAINTIFFS' RESPONSE TO DEFENSE COUNSEL'S MOTION TO WITHDRAW FROM REPRESENTATION

Timothy P. Rumberger (#145984)
LAW OFFICES OF
TIMOTHY P. RUMBERGER
1339 Bay Street
Alameda, CA 94501
(510) 841-5500
tim@rumbergerlaw.com
*Pro Hac Vice*

Thomas S. Neuberger (#243)
Stephen J. Neuberger (#4440)
THE NEUBERGER FIRM, P.A.
17 Harlech Drive, P.O. Box 4481
Wilmington, DE 19807
(302) 655-0582
TSN@NeubergerLaw.com
SJN@NeubergerLaw.com

Dated: November 6, 2023

*Counsel for Plaintiffs*

## I. CORPORATIONS MAY ONLY APPEAR THROUGH COUNSEL

A corporation has been defined as "an ingenious device for obtaining individual profit without individual responsibility." Ambrose Bierce, *The Devil's Dictionary* (1911). Be that as it may, however, unlike individuals, corporations are incapable of self-representation:

> "It has been the law for the better part of two centuries ...that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993).
>
> "[T]he lower courts have uniformly held that 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." Id. at 202.

*Gross v. Weinstein, Weinburg & Fox, LLC*, 123 F. Supp. 3d 575, 583 (D. Del. 2015). Corporations can neither qualify for *in forma pauperis* status regardless of financial condition,[1] nor act *in pro per* as their own attorneys, and "[b]ecause artificial entities cannot take oaths, they cannot make affidavits." *Rowland,* 506 U.S. at 204.

Absent simultaneous substitution of counsel, Defense counsel's motion to withdraw from representation of AirLock389, Inc. and Stardust389, Inc. places these defendants and this Court in an impossible position. Greenberg Traurig, LLP, like all counsel choosing whether to voluntarily engage in representation, was

---

[1] "[I]t is common knowledge that corporations can often perfectly well pay court costs and retain paid legal counsel in spite of being temporarily "insolvent"" *Rowland,* 506 U.S. at 206.

in the position to negotiate the risks and consequences of potential nonpayment when accepting retention in this matter two years ago.  While Plaintiffs, more than most, can sympathize with defense counsel's plight of having "remained unpaid for over six months," (Motion at ¶1), certainly, in this case in particular where the heart of the operative Complaint itself arises from Defendants' nonpayment of wages and breach of employment contracts, Greenberg Traurig[2] accepted representation knowing the risks of this eventuality that *these* clients might not pay their debts.

Additionally, the defense motion to withdraw is flawed, premised on vague allusions to (1) counsel's alleged inability "to gather information necessary," and (2) counsel's "unpaid fees."  Absent any supporting declarations whatsoever, the Court and Plaintiffs are left wondering *what "necessary" information* defense counsel claims its inability to gather?  And *how much in "fees"* does counsel claim justifies abandoning its responsibilities of representation to these clients?

Ultimately, this Motion seeks to force onto its clients and this Court the task of arranging substitution of counsel – without which this Motion cannot be granted, and must be denied as to the corporate Defendants.

---

[2] Greenberg Traurig, LLP, boasting "more than 2650 attorneys in 47 locations in the United States, Europe and the Middle East, Latin America, and Asia." https://www.gtlaw.com/en/

## II.     CONTACT INFORMATION FOR THE INDIVIDUALS REQUIRED

Briefly, by way of background, initial service of process on the individual defendants was a lengthy, challenging and time-consuming international process, but it was ultimately achieved. The present motion to withdraw raises the question of how service of all further rulings, pleadings and discovery will be accomplished moving forward, both for the Court and also for Plaintiffs.

Defense counsel's motion to withdraw from representation claims to have "informed Defendants through email and phone that GT are moving to withdraw in this matter." (Motion at ¶2)

As to what those email addresses and phone numbers may be or have been, the motion is silent – and devoid of any supporting affidavit or declaration under penalty of perjury disclosing the individuals' email addresses and phone numbers. Nor does the Motion disclose whether the information related "by phone" was communicated personally in a two-way dialog, or merely by a voicemail message.

Moreover, the Motion, in the same paragraph, asserts that "GT" provided "a copy of this this (*sic*) motion by certified mail addressed to Defendants last known addresses and by email."[3] But again, the Motion is silent on what those last known

---

[3] While defense counsel staff claims it has current contact information for the individual defendants, albeit not under oath, the Motion itself filed here is entirely devoid of *any* contact information –a necessity for Court to communicate with these parties.

3

email and physical addresses may be or have been – and is conspicuously silent on whether or not the certified mail was ever received or signed for:

> Certified Mail is a service offered by the United States Postal Service. **A certified item needs a delivery signature**; it can't be left in a mailbox or on a doorstep. Certified Mail is only available on first-class mail. USPS lets you get a signature from the person who received the mail, such as a receptionist. *(bolded emphasis in original)*
> https://www.usglobalmail.com/blog/how-much-does-certified-mail-cost/

With respect to email specifically, communications and documents were exchanged electronically between the parties during their employment, as were prelitigation communications and documents exchanged between Plaintiffs' counsel, and individual defendants Christopher H. Cooper and Patricia Ann Bellasalma through their then-regularly used email addresses, specifically: chris.cooper@stardust389.com, cooper@airlock389.com, Patricia.Bellasalma@stardust389.com, and pattybellasalma@gmail.com.

The parties' history following commencement of this litigation, however, illustrates the critical necessity of verifying these individual Defendants' current contact information as a prerequisite to any granting in-part of this Motion to withdraw. After a year of these Defendants' evading service, refusing to acknowledge actual receipt of the Summons and Complaint, and refusing to authorize Greenberg Traurig counsel representing their corporate alter-egos to

4

accept service on their behalf, defendants through their counsel continued to refuse to disclose their foreign addresses at which they could be physically served.[4]

As authorized by the court in *Popular Enterprises, LLC, v. Webcom Media Group, Inc. 225 F.R.D. 560, 562-63* (E.D.Tenn. 2004):

> Rule 4(f)(3) clearly authorizes the court to direct service upon defendant by e-mail. The rule is expressly designed to provide courts with broad flexibility in tailoring methods of service to meet the needs of particularly difficult cases. Such flexibility necessarily includes the utilization of modern communication technologies to effect service when warranted by the facts. [*Broadfoot v. Diazm* 245 B.R. 713, 720 (N.D.Ga. 2000)]. Although communication via e- mail and over the internet is comparatively new, such communication has been zealously embraced within the business community.
>
> Accordingly, the court concludes that…**service upon defendant by e-mail is fully authorized by Federal Rule of Civil Procedure 4(f)(3).** Indeed, it is the method of service most likely to reach defendant. Service of process by e-mail is reasonably calculated to apprise defendant of the pendency of this action and afford it an opportunity to respond.

Given the procedural posture of our present case, this approved method of email service of initial process under Fed.R.Civ.P. 4 should be approved for service of subsequent pleadings under Fed.R.Civ.P. 5.

---

[4] *Rumberger declaration,* **Exhibit 4,** 10/10/2022 email from defense counsel: "Regarding your requests for our clients' residential addresses, phone numbers, email addresses and so forth, we previously objected to these requests on the grounds that (among other things) they are irrelevant and unnecessarily invade our clients' rights to privacy. …we stand by those objections. **We fail to see how our clients' private residences, phone numbers, and email addresses are "of consequence in determining the action**," see Fed. R. Evid. 401(b), and believe that any tangential relevance would be more than outweighed by the intrusion upon our clients' privacy that disclosure would entail."

At this point in this litigation, of course, Greenberg Traurig has entered unlimited appearances on behalf of *all* the Defendants in this action, including both individual defendants. (*See* D.I. 43). As such, any withdrawal from representation by defense counsel of these two individual Defendants may, and indeed *must*, be accompanied by a simultaneous substitution of these individual Defendants either *in pro per,* or by substitution of licensed local counsel.

In any event, and to the extent, that this Court may be inclined to grant in part defense counsel's motion to withdraw from representation of the individual defendants, CHRISTOPHER H. COOPER and PATRICIA ANN BELLASALMA, Plaintiffs respectfully request that any such Court Order be conditioned upon the following:

1. Defendants' full and complete contact information be provided under oath signed by withdrawing counsel and both the individual defendants, including all current business and personal cell phone numbers, residential physical street addresses, all current personal and business mailing addresses, and all personal and professional email addresses currently used by the individual defendants;

2. Any and all changes, additions to or deletions from this information be reported to this Court and Plaintiffs' counsel within 10 days of such change;

3. By Court Order, service of all litigation related documents and communications should be effective upon transmission to the individual Defendants' primary email addresses to be specified and maintained by Defendants for this purpose.

### III.   CONCLUSION

Plaintiffs respectfully oppose defense counsel's motion to withdraw from representation of the corporate defendants absent substitution of licensed counsel. Plaintiffs do not oppose defense counsel's withdrawal from representation of the individual defendants conditioned on provision under oath of all current contact information requested herein above, and authorization for all future service to be effective via email.

This Court has an imminent need for reliably accurate contact information for these individual defendants in particular, should this motion to withdraw from representation be granted as to them, so as to communicate its rulings, not only on *this* motion, but on the pending Motion to Dismiss, fully briefed since March, still awaiting a ruling by this Court.

Respectfully submitted,

THE NEUBERGER FIRM, P.A.

/s/ Stephen J. Neuberger
**STEPHEN J. NEUBERGER** (#4440)

                    **THOMAS S. NEUBERGER** (#243)
                    17 Harlech Drive, P.O. Box 4481
                    Wilmington, DE 19807
                    (302) 655-0582
                    TSN@NeubergerLaw.com
                    SJN@NeubergerLaw.com

                    **LAW OFFICES OF TIMOTHY P. RUMBERGER**

                    */s/* Timothy P. Rumberger
                    **TIMOTHY P. RUMBERGER (**CA #145984)
                    1339 Bay Street, Alameda, California 94501
                    (510)841-5500
                    tim@RumbergerLaw.com
                    *pro hac vice*

November 6, 2023         Attorneys for Plaintiffs

## WORD COUNT CERTIFICATION

The undersigned hereby certifies that the foregoing *Plaintiffs' Response to Defense Counsel's Motion to Withdraw from Representation* complies with this Court's Standing Order Regarding Briefing in all Cases. The Opposition Brief is prepared in 14-point, Times New Roman font, and the word processing system used to prepare the filing indicates that the brief (excluding the case caption, tables, and signature block) contains 1,554 words.

                    Respectfully submitted,

8

**THE NEUBERGER FIRM, P.A.**

<u>/s/ Stephen J. Neuberger</u>
**STEPHEN J. NEUBERGER** (#4440)
**THOMAS S. NEUBERGER** (#243)
17 Harlech Drive, P.O. Box 4481
Wilmington, DE 19807
(302) 655-0582
TSN@NeubergerLaw.com
SJN@NeubergerLaw.com


**LAW OFFICES OF TIMOTHY P. RUMBERGER**

<u>/s/ Timothy P. Rumberger</u>
**TIMOTHY P. RUMBERGER (**CA #145984)
1339 Bay Street, Alameda, California 94501
(510)841-5500
tim@RumbergerLaw.com
*pro hac vice*

November 6, 2023          Attorneys for Plaintiffs

9