IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID C. TRAUB, RICHARD O. CABAEL, WILLIAM R. SOTKA, ERN ANDREW GREGORIO, GLORIA GISELDA N. ARROYO, WINELDA C. YCOY, SIMON U. CABAEL, and CHRISTOPHER R. ASIS,<br><br>    Plaintiffs,<br><br>v.<br><br>STARDUST389, INC.; AIRLOCK389, INC.; CHRISTOPHER H. COOPER, and PATRICIA ANN BELLASALMA,<br><br>    Defendants. | Civil Action No. 22-1582-SRF |

## MEMORANDUM ORDER

At Wilmington this **20th** day of **November, 2023**, the court having considered the motion of Justin K. Victor, Samuel L. Moultrie, and Renee Mosley Delcollo (collectively, the "Movants") to withdraw as counsel for defendants Stardust389, Inc.; Airlock389, Inc.; Christopher H. Cooper; and Patricia Ann Bellasalma (collectively, "Defendants") on behalf of themselves and the law firm of Greenberg Traurig, LLP, (D.I. 76),[1] IT IS ORDERED that the motion to withdraw is GRANTED for the following reasons.

1.     **Background.** On November 2, 2023, the Movants filed the pending motion to withdraw as counsel for Defendants, representing that their fees have remained unpaid for more than six months, and they have been unable to gather the information necessary to continue their representation. (D.I. 76 at ¶ 1) The Movants certified that they notified Defendants of the

---

[1] The briefing and filings associated with the pending motion are found at D.I. 76, D.I. 78, D.I. 79, D.I. 80, D.I. 81, and D.I. 82.

pending motion via email and phone on October 16, 2023, and they served the motion on Defendants via certified mail and email pursuant to D. Del. Local Rule 83.7 on October 17, 2023. (*Id.* at ¶ 2)

2. On November 3, 2023, the court entered an Order scheduling a hearing on the pending motion for November 13, 2023. (D.I. 77)

3. On November 6, 2023, plaintiffs David C. Traub, Richard O. Cabael, William R. Sotka, Ern Andrew Gregorio, Gloria Giselda N. Arroyo, Winelda C. Ycoy, Simon U. Cabael, and Christopher R. Asis (collectively, "Plaintiffs") filed their response to the motion. (D.I. 78) In the response, Plaintiffs cite concerns about the lack of substitute counsel for the corporate defendants and the Movants' failure to provide a declaration or other evidence providing more detail on the alleged nonpayment of counsel and inability of the Movants to gather information necessary for the representation. (*Id.*)

4. On November 8, 2023, the Movants filed the declaration of Alice L. Kessler (the "Kessler Declaration"), which explains that the relationship between defendants Christopher Cooper and Patricia Bellasalma, respectively the CEO and COO/General Counsel of corporate defendants Stardust389, Inc. and Airlock389, Inc., began to deteriorate in May of 2023. (D.I. 80 at ¶ 6) At the same time, the Movants were owed nearly $100,000 in unpaid legal fees. (*Id.* at ¶ 7)

5. The Kessler Declaration attaches contact information for each Defendant as Exhibits 6 and 7, including email addresses, phone numbers, and mailing addresses. (*Id.*, Exs. 6-7) Mailing addresses within the United States are provided for all Defendants. (*Id.*) Further correspondence between counsel confirms Cooper was residing abroad at the time the motion was served and provides his foreign mailing address. (*Id.*, Ex. 8) Additional declarations were

filed by Cooper and Bellasalma, confirming their current U.S. contact information as of November 11, 2023. (D.I. 81; D.I. 82)

6. The court held a hearing on the motion to withdraw on November 13, 2023. During the hearing, Cooper and Bellasalma indicated that they did not oppose the Movants' motion to withdraw. Counsel for Plaintiffs represented that they would not oppose the motion to withdraw if certain conditions were imposed on the withdrawal. Cooper and Bellasalma represented that they had no objections to the conditions proposed by Plaintiffs. Cooper represented that he is responsible for corporate defendants Stardust389, Inc. and Airlock389, Inc. and is working to obtain substitute counsel for the corporate defendants and requested the court allocate two weeks to retain substitute counsel.

7. **Legal standard.** In the Third Circuit, "there is no multi-factor test that a district court must apply to decide a motion for attorney withdrawal." *Ohntrup v. Makina Ve Kimya Endustrisi Kurumu*, 760 F.3d 290, 295 (3d Cir. 2014). Instead, "[a] lawyer is entitled to withdraw once [he] demonstrates to the satisfaction of the district court that [his] appearance serves no meaningful purpose." *LabMD Inc. v. Boback*, 47 F.4th 164, 190 (3d Cir. 2022) (internal citations and quotation marks omitted).

8. The law is well-established that a corporate defendant may appear in federal courts only through licensed counsel. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 217 (1993); *Simbraw, Inc. v. United States*, 367 F.2d 373, 373-74 (3d Cir. 1966). Nonetheless, there is no requirement that counsel must not withdraw until a corporate client has retained substitute counsel. *See Ohntrup*, 760 F.3d at 295. The failure of a corporate defendant to retain licensed counsel within the time frame ordered by the court may result in the entry of default in appearance and/or default judgment under Federal Rule of Civil

Procedure 55. *See FKS Akkad Capital GP, LLC v. JohnFK Medical Co. Inc.*, C.A. No. 20-952-CFC, 2022 WL 2666002, at *2 (D. Del. July 11, 2022); *Endobotics, LLC v. Medrobotics Corp.*, C.A. No. 19-381-CFC, 2020 WL 7042892, at *1-2 (D. Del. Dec. 1, 2020).

9. **Analysis.** The Movants have shown good cause for withdrawing as counsel for the corporate and individual defendants. Because a corporate defendant may not represent itself in federal court, Stardust389, Inc. and Airlock389, Inc. shall retain new counsel, consistent with the Federal Rules of Civil Procedure and the Local Rules of this court, no later than December 4, 2023. Failure to retain substitute counsel on or before that date may result in the entry of default under Rule 55(a). Fed. R. Civ. P. 55(a); *see FKS Akkad Capital*, 2022 WL 2666002, at *2.

10. **Conclusion.** For the foregoing reasons, IT IS ORDERED that:

   a. The motion to withdraw as counsel is GRANTED pursuant to D. Del. LR 83.7. (D.I. 76)

   b. Justin K. Victor, Samuel L. Moultrie, Renee Mosley Delcollo, and the law firm of Greenberg Traurig, LLP are HEREBY WITHDRAWN as counsel for Defendants.

   c. The Movants shall serve a copy of this Memorandum Order upon Defendants by electronic mail, with a read receipt, at the email addresses listed below on or before November 22, 2023.

   d. Defendants, Stardust389, Inc. and Airlock389, Inc. shall have two weeks from the date of this Order, on or before December 4, 2023, to retain new counsel. The failure of Stardust389, Inc. and Airlock389, Inc. to comply with this Order shall be considered a failure to defend and may result in the entry of default judgment against them because a corporate defendant cannot represent itself. *See Ohntrup*, 760 F.3d at 295. Upon entry of a default in appearance, the court will determine

4

whether judgment (and in what amount) shall be entered against the defaulted parties.

e. Individual defendants Cooper and Bellasalma shall have two weeks from the date of this Order, on or before December 4, 2023, to retain new counsel or notify the court if one or both of them intend(s) to proceed as a *pro se* litigant.

f. Until such time as new counsel, if any, appears for Cooper and Bellasalma, all future pleadings, motions, discovery, and any and all other communications concerning this matter will be addressed to:

| Christopher H. Cooper<br>224 E. Buena Vista<br>Santa Fe, NM  87505<br>Telephone: 1-650-608-1098<br>Email:<br>cooper@thefoundation389.com;<br>cooper@zenionlabs.com;<br>cooper@airlockpuretech.com;<br>cooper@skylarkaerospace.com<br>ri5z2@yahoo.com | Patricia Ann Bellasalma<br>2641 Montgomery Way<br>Sacramento, CA  95818<br>Telephone: 1-213-393-1785<br>Email:<br>pattybellasalma@gmail.com<br>patricia.bellasalma@stardust389.com<br>bellasalma@airlock389.com |
|---|---|

g. Any and all changes, additions to, or deletions from, Defendants' contact information shall be reported to the court and served upon Plaintiffs' counsel within ten (10) days of any such change. The failure of an individual Defendant to comply with this Order shall be considered a failure to defend and may result in the entry of a default in appearance and/or default judgment against such Defendant.

11. Given that the court has relied upon material that technically remains under seal, the court is releasing this Memorandum Order under seal, pending review by the parties. In the unlikely event that the parties believe that certain material in this Memorandum Order should be

redacted, the parties shall jointly submit a proposed redacted version by no later than **November 27, 2023**, for review by the court, along with a motion supported by a declaration that includes a clear, factually detailed explanation as to why disclosure of any proposed redacted material would "work a clearly defined and serious injury to the party seeking closure." *See In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal quotation marks omitted)). If the parties do not file a proposed redacted version and corresponding motion, or if the court determines the motion lacks a meritorious basis, the documents will be unsealed within fourteen (14) days of the date the Memorandum Order issued.

Sherry R. Fallon
United States Magistrate Judge