## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID C. TRAUB, RICHARD O. CABAEL, WILLIAM R. SOTKA, ERN ANDREW GREGORIO, GLORIA GISELDA N. ARROYO, WINELDA C. YCOY, SIMON U. CABAEL, and CHRISTOPHER R. ASIS, <br><br> Plaintiffs, <br><br> v. <br><br> STARDUST389, INC.; AIRLOCK389, INC.; CHRISTOPHER H. COOPER, and PATRICIA ANN BELLASALMA, <br><br> Defendants. | Civil Action No. 22-1582-SRF |

---

Martin D. Haverly, MARTIN D. HAVERLY, ATTORNEY AT LAW, Wilmington, DE; Timothy P. Rumberger, LAW OFFICES OF TIMOTHY P. RUMBERGER, Alameda, CA.

      Attorney for Plaintiffs.

Antranig N. Garibian, GARIBIAN LAW OFFICES, P.C., Wilmington, DE; James A. Wolff, WARSHAW BURSTEIN, LLP,[1] New York, NY.

      Attorneys for Defendants Stardust389, Inc., Christopher H. Cooper, and Airlock389, Inc.

Patricia Bellasalma, *pro se.*

---

## MEMORANDUM OPINION

July 2, 2025
Wilmington, Delaware

---

[1] In his motion for admission *pro hac vice*, James A. Wolff represents that he is affiliated with Sobel Pevzner, LLC. (D.I. 93) The docket does not reflect a notice of change of address for Mr. Wolff. However, Mr. Wolff's subsequent filings and the certificate of service submitted by Plaintiffs reflect that Mr. Wolf is now associated with Warshaw Burstein, LLP at a different address. (D.I. 128 at 4; D.I. 142 at 14)

**FALLON, U.S. MAGISTRATE JUDGE:**

Presently before the court in this civil action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, 207, 291, *et seq.*, is an unopposed motion to enforce the settlement agreement, for entry of judgment, and for sanctions, filed by plaintiffs David C. Traub, Richard O. Cabael, William R. Sotka, Ern Andrew Gregorio, Gloria Giselda N. Arroyo, Winelda C. Ycoy, Simon U. Cabael, and Christopher R. Asis (collectively, "Plaintiffs"). (D.I. 142)[2] For the following reasons, Plaintiffs' motion is GRANTED-IN-PART.[3]

**I.    BACKGROUND**

A recitation of the facts underlying this civil action can be found in the court's April 3, 2024 Memorandum Opinion resolving the motion to dismiss filed by defendants Stardust389, Inc. ("Stardust"), AirLock389, Inc. ("AirLock"), Christopher H. Cooper ("Cooper"), and Patricia Ann Bellasalma ("Bellasalma;" collectively, "Defendants"). (D.I. 95) The background provided herein summarizes only the facts relevant to resolving the pending motion to enforce the settlement agreement. Because the motion to enforce the settlement agreement remains unopposed after being properly served on Defendants, the court assumes the truth of the facts recited in Plaintiffs' motion. (D.I. 142 at 14)

On March 17, 2025, after the completion of briefing on case-dispositive motions, the parties jointly requested a referral of the case to a magistrate judge for mediation. (D.I. 131) The case was referred to a magistrate judge, who scheduled a mediation for April 23, 2025. (D.I.

---

[2] The declaration associated with the motion enforce the settlement agreement is found at D.I. 142. No other briefing or filings were docketed in connection with the pending motion.
[3] On October 18, 2023, the parties consented to the jurisdiction of the Magistrate Judge to conduct all proceedings and the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (D.I. 75)

134) After the mediation conference, the magistrate judge circulated the material terms of the settlement, and the parties confirmed their agreement to and acceptance of the following terms:

1. Defendants will pay $1,250,000 to Plaintiffs on or before May 27, 2025.

2. All pending cases will be dismissed, with mutual waiver of all existing claims and defenses from the beginning of time through the date of the settlement agreement.

3. If Defendants fail to pay $1,250,000 by close of business Eastern Time on May 27, the settlement agreement shall allow Plaintiffs to recover attorneys' fees accrued in obtaining payment, and interest on the settlement amount shall accrue at a rate of 9.5% per annum.

4. Delaware counsel will file a joint, non-argumentative letter with the Court informing Judge Fallon that the parties have reached a settlement in principle and are seeking a stay of all pending deadlines and trial.

5. Defendants will circulate a draft of the settlement agreement next week.

(D.I. 143, Ex. 2)

In accordance with the material terms of the settlement, the parties filed a joint letter to the undersigned judicial officer confirming that they had reached a settlement in principle and requesting that the court adjourn the pretrial conference and stay all other pretrial deadlines. (D.I. 139; D.I. 140)  On May 2, 2025, counsel for Defendants Stardust, Airlock, and Cooper circulated an initial draft of the settlement agreement that proposed numerous additional terms which had not been discussed during the mediation.  (D.I. 143 at ¶ 6)  Plaintiffs accepted some of the proposed changes and circulated a revised version on May 6, 2025.  (*Id.* at ¶¶ 7-8) Defendants Stardust, Airlock, and Cooper then attempted to reinsert the additional terms they proposed and Plaintiffs rejected.  (*Id.* at ¶¶ 9-10)

This pattern continued until the parties re-engaged the magistrate judge on May 27, 2025 for assistance in finalizing the long-form settlement agreement.  (*Id.* at ¶¶ 11-13)  During these discussions, the parties reached a final compromise that added a new paragraph drafted by local

3

counsel for Defendants Stardust, Airlock, and Cooper and changed the payment compliance deadline to June 3, 2025. (*Id.* at ¶ 14)  Defendants Stardust, Airlock, and Cooper subsequently declined to execute the agreement, and lead counsel again attempted to reinsert the same rejected proposals. (*Id.* at ¶¶ 15-17)  Plaintiffs' counsel again refused to accept these changes, and Defendants Stardust, Airlock, and Cooper declined to sign the negotiated settlement agreement or make payment by the stipulated deadline. (*Id.* at ¶¶ 18-21)

Plaintiffs filed the pending motion to enforce the settlement agreement on June 13, 2025. (D.I. 142)  Under the District of Delaware Local Rules, the deadline for Defendants' answering brief expired on June 27, 2025. *See* D. Del. LR 7.1.2(b).  Defendants failed to respond to the pending motion.

## II.    LEGAL STANDARD

A motion to enforce a settlement agreement closely resembles a motion for summary judgment and employs a similar standard of review. *See Tiernan v. Devoe*, 923 F.2d 1024, 1031-32 (3d Cir. 1991); *Parker-Hannifin Corp. v. Schlegel Elec. Materials, Inc.*, 589 F. Supp. 2d 457, 461 (D. Del. 2008).  Therefore, the court will "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." *Pennsylvania Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995).  When material facts are in dispute, the court should hold an evidentiary hearing before enforcing the settlement agreement. *See Tiernan*, 923 F.2d at 1031.

## III.    DISCUSSION

### A. Motion to Enforce the Settlement Agreement[4]

Principles of state contract law govern the enforcement of settlement agreements. *See Jacob's Limousine Transportation, Inc. v. City of Newark*, 688 F. App'x 150, 151 (3d Cir. 2017); *Parker-Hannifin Corp. v. Schlegel Elec. Materials, Inc.*, 589 F. Supp. 2d 457, 461 (D. Del. 2008). In Delaware, the fact that the parties have not signed a formal, written settlement agreement "does not resolve whether a binding contract has been reached." *Harrison v. Dixon*, 2013 WL 4759681, at *3 (Del. Ch. Sept. 5, 2013). Rather, a settlement agreement is formed when "a reasonable negotiator . . . would have concluded, in that setting, that the agreement reached constituted agreement on all of the terms that the parties themselves regarded as essential." *Loppert v. WindsorTech, Inc.*, 865 A.2d 1282, 1285 (Del. Ch. 2004) (internal quotations and citations omitted). Consequently, "a settlement agreement is enforceable without a signed writing, unless the parties agreed otherwise through the language of their agreement or conduct in negotiations." *Astellas Pharma Inc. v. MSN Pharms. Inc.*, C.A. No. 23-689-JFB-CJB, 2025 WL 254577, at *3 (D. Del. Jan. 21, 2025) (citing *Brady v. Huber*, 2023 WL 3736371, at *6-7 (Del. Ch. May 31, 2023) (collecting cases)).

The record before the court confirms that the parties had reached agreement on the material terms of the settlement agreement. The magistrate judge outlined the material terms of the settlement in writing immediately following the mediation on April 23, 2025, and all the parties confirmed their agreement to those terms. (D.I. 143, Ex. 2) "Where an agreement has

---

[4] The motion to enforce the settlement agreement is unopposed. However, because the standard governing a motion to enforce a settlement agreement is akin to a motion for summary judgment, the court proceeds to determine whether the unopposed motion to enforce the settlement agreement is properly supported. *See, e.g.*, *Miller v. Ashcroft*, 76 F. App'x 457, 462 (3d Cir. 2003).

been reached on all essential terms, the mere fact that it was understood that the contract would formally be drawn up and signed does not render the settlement incomplete, absent a positive agreement that the contract would not be binding until it was memorialized and executed." *Harrison*, 2013 WL 4759681, at *3; *see also Shelley v. Somerset County Jail*, 581 F. App'x 126, 128 (3d Cir. 2014) (same). In this case, there is no evidence to suggest that the parties considered the formal memorialization of the settlement agreement to be a prerequisite to its enforceability. *See Riblett v. Riblett*, 2018 WL 1352329, at *2 (Del. Ch. Mar. 15, 2018) (stating that a settlement agreement has binding force before being formally drawn up and executed unless "the parties positively agreed that there will be no binding contract until the document is executed.").

Although Defendants Stardust, Airlock, and Cooper subsequently proposed additional terms, those terms are not essential and therefore do not affect the enforceability of the material terms addressed in the mediation. *See Harrison*, 2013 WL 4759681, at *3 ("[A] settlement agreement is enforceable even if it leaves other matters to future negotiation, provided those other matters are not 'essential' terms."). To determine whether matters left for future negotiation include essential terms, the court considers the relative importance of those terms. *Id.* In this case, Defendants Stardust, Airlock, and Cooper had the opportunity to address the proposed additional terms during the mediation conference on April 23, 2025 and/or during the follow-up mediation teleconference on May 27, 2025. Nonetheless, these Defendants concluded both of those mediation proceedings by indicating their agreement to settlement terms that did not include these proposals. (D.I. 143 at ¶¶ 14) Defendants also failed to respond to the pending motion to enforce the settlement agreement. These facts contradict any suggestion that the disputed settlement terms are material or essential to Defendants Stardust, Airlock, and Cooper.

6

*See Shelley*, 581 F. App'x at 128 (holding that the settlement agreement was enforceable where the plaintiff did not express his desire to take the case to trial during the settlement conference).

### B. Motion for Sanctions

Plaintiffs also request sanctions against Defendants Stardust, Airlock, and Cooper pursuant to the court's "inherent power to sanction a party for bad faith conduct in refusing to execute or perform a settlement agreement[.]" (D.I. 142 at 8)  The imposition of sanctions pursuant to the court's inherent authority is a matter of discretion which "must be undertaken sparingly." *Novartis Pharms. Corp. v. Par Pharm., Inc.*, C.A. No. , 2014 WL 1266320, at *2 (D. Del. Mar. 26, 2014) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)).  "Generally, a court's inherent power should be reserved for those cases in which the conduct of a party or an attorney is egregious and no other basis for sanctions exists." *Martin v. Brown*, 63 F.3d 1252, 1265 (3d Cir. 1995).

The sanctions Plaintiffs request are as follows:

| AMOUNT | BASIS |
|---|---|
| $26,790.00 | 28.2 hours of attorneys' fees expended from May 27, 2025 to the present to finalize the settlement agreement and draft and file the motion to enforce the settlement.  (D.I. 143 at ¶¶ 25-26; Ex. 5) |
| $13,485.00 | Award of a 0.5 multiplier on the attorneys' fees.  (D.I. 143 at ¶ 28) |
| $3,424.66 (as of 6/13/2025, accruing at a rate of 325.34 per day) | Interest from June 4, 2025 on the $1,250,000 unpaid settlement amount at the agreed-upon rate of 9.5% per annum.  (D.I. 143 at ¶ 29; Ex. 1) |

In the exercise of its discretion, the court declines to invoke its inherent authority to impose sanctions on Defendants Stardust, Airlock, and Cooper in the amount of $13,485.00 based on a "0.5 multiplier of the[ ] [attorneys'] fees, consistent with [the magistrate judge's] rendition of the parties' agreement[.]" (D.I. 142 at 10)  A review of the magistrate judge's articulation of the

material terms of settlement on April 23, 2025 does not support Plaintiffs' position that the parties contemplated a multiplier of attorneys' fees. (D.I. 143, Ex. 1)

The request for attorneys' fees and the calculation of interest are consistent with the material terms of the settlement agreement outlined by the magistrate judge following mediation on April 23, 2025. (*Id.*) However, Plaintiffs subsequently agreed to modify the dates on which those provisions were triggered. (*Id.*, Ex. 4 at §§ 1.2-1.4) On April 23, 2025, the magistrate judge indicated that interest on the settlement amount and the accrual of attorneys' fees would begin on May 27, 2025. (*Id.*, Ex. 1) Plaintiffs' pending motion seeks to recover attorneys' fees as of May 27, 2025 and interest on the unpaid settlement amount starting on June 4, 2025. (D.I. 142 at 10) The most recent version of the settlement agreement, circulated on June 6, 2025 and signed by all Plaintiffs, Plaintiffs' counsel, and Bellasalma, states that interest on the settlement amount shall begin to accrue on June 7, 2025 and does not clarify when the accrual of attorneys' fees shall occur. (D.I. 143, Ex. 4 at §§ 1.2-1.4)

Under these circumstances, and in the exercise of the court's discretion, the court finds that the provisions of the settlement agreement governing the accrual of interest on the settlement amount shall begin on the date of the entry of judgment in this matter. With respect to attorneys' fees, the court exercises its discretion in awarding $3,000.00, which the court finds is a reasonable amount for drafting the instant motion to enforce the settlement agreement. *See Relational Funding Corp. v. TCIM Servs., Inc.*, C.A. No. 01-821-SLR, 2004 WL 1192683, at *2 (D. Del. May 3, 2004) ("Even when a contract provides for the awarding of attorneys' fees, a court may nonetheless exercise its discretion and decline to award fees.").

8

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs' motion to enforce the settlement agreement and for sanctions (D.I. 142) is GRANTED-IN-PART as follows:

1.  The Settlement Agreement and Release as Amended on June 4, 2025 ("Settlement Agreement") shall be enforceable except as modified herein.  (D.I. 143, Ex. 4)

2.  The Settlement Amount of $1,250,000.00 shall be paid no later than July 2, 2025 at 5:00 p.m. Eastern Time.  In the event the Settlement Amount is not received in full by the specified deadline, the unpaid portion shall accrue simple interest at a rate of 9.5% per annum, calculated on a daily basis beginning July 3, 2025, until the date payment is made in full.

3.  Defendants Christopher H. Cooper, Stardust389, Inc., and Airlock389, Inc. shall cause to be paid to Plaintiffs $3,000.00 in attorneys' fees to reimburse expenses incurred by Plaintiffs in drafting and filing the motion to enforce the Settlement Agreement.

4.  Plaintiffs' request for sanctions in the amount of $13,485.00 is DENIED.

5.  A final judgment shall be entered pursuant to Rule 58 of the Federal Rules of Civil Procedure.

An Order consistent with this Memorandum Opinion shall issue.

Given that the court has relied upon material that technically remains under seal, the court is releasing this Memorandum Opinion under seal, pending review by the parties.  In the unlikely event that the parties believe that certain material in this Memorandum Opinion should be redacted, the parties shall jointly submit a proposed redacted version by no later than **July 9, 2025**, for review by the court, along with a motion supported by a declaration that includes a

clear, factually detailed explanation as to why disclosure of any proposed redacted material

would "work a clearly defined and serious injury to the party seeking closure." *See In re*

*Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting

*Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal quotation marks omitted)).  If the

parties do not file a proposed redacted version and corresponding motion, or if the court

determines the motion lacks a meritorious basis, the documents will be unsealed within fourteen

(14) days of the date the Memorandum Opinion issued.