**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| DAVID C. TRAUB, RICHARD O. CABAEL, WILLIAM R. SOTKA, ERN ANDREW GREGORIO, GLORIA GISELDA N. ARROYO, WINELDA C. YCOY, SIMON U. CABAEL, and CHRISTOPHER R. ASIS, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 22-1582-SRF |
| STARDUST389, INC.; AIRLOCK389, INC.; CHRISTOPHER H. COOPER, and PATRICIA ANN BELLASALMA, | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

At Wilmington this **20th** day of **March, 2026**, the court having considered the motions for leave to withdraw as counsel, filed by Antranig N. Garibian ("Garibian") of the law firm of Garibian Law Offices, P.C. (D.I. 163),[1] and James A. Wolff ("Wolff;" together with Garibian, "Movants"), formerly of the law firm of Warshaw Burstein, LLP (D.I. 170),[2] and having heard argument on the pending motions on March 19, 2026, IT IS ORDERED that the motions for leave to withdraw as counsel to defendants Stardust389, Inc., Airlock389, Inc., and Christopher H. Cooper (collectively, the "Judgment Debtors") are GRANTED-IN-PART for the following reasons.

1. **Background.** Plaintiffs filed this civil action in the Northern District of California on December 16, 2021, seeking relief for wrongful termination and unpaid wages under the

---

[1] The filings associated with the pending motion to withdraw as counsel are found at D.I. 171 and D.I. 172.

[2] The filings associated with the pending motion to withdraw as counsel are found at D.I. 173 and D.I. 178.

FLSA and state law causes of action. (D.I. 1) After several rounds of motion practice and amended pleadings, the case was transferred to Delaware on December 12, 2022. (D.I. 54; D.I. 55)

2. In January of 2024, Garibian entered an appearance as Delaware counsel for the Judgment Debtors and Wolff was admitted *pro hac vice*. (D.I. 92; D.I. 93) Movants represented the Judgment Debtors through discovery, motion practice, and mediation proceedings. (D.I. 163 at 1) The parties reached a settlement agreement through mediation, and judgment was entered against the Judgment Debtors on July 2, 2025. (D.I. 148)

3. Plaintiffs' counsel then began judgment execution discovery. Plaintiffs served notices of deposition on the Judgment Debtors on December 16, 2025. (D.I. 157) The depositions were scheduled to go forward on January 15 and 16, 2026. (D.I. 169, Exs. 2-4)

4. Although the record lacks clarity, it seems that Movants have not been in contact with the Judgment Debtors since July of 2025. (D.I. 163 at 2; D.I. 170 at 2) During the hearing on March 19, 2026, Movants disclosed that they had some contact with a "business manager" and an accountant who purported to represent Cooper around the time that judgment was entered in July of 2025. (3/19/2026 Tr.)

5. Wolff alleges that he sent a letter terminating his representation of the Judgment Debtors on December 23, 2025, one week after Plaintiffs served their notices of deposition but before those depositions were scheduled to go forward. (D.I. 170 at 2) He was unable to confirm whether the Judgment Debtors were informed that a corporate defendant cannot appear at a deposition unrepresented by counsel. (3/19/2026 Tr.) According to Wolff, the letter terminating the representation was based on the Judgment Debtors' unpaid fee balance of $140,000 and their cessation of communication with Wolff. (D.I. 170 at 2)

6. **Legal standard.** In the Third Circuit, "there is no multi-factor test that a district court must apply to decide a motion for attorney withdrawal." Instead, the decision to grant a motion to withdraw is within the court's discretion. *Ohntrup v. Makina Ve Kimya Endustrisi Kurumu*, 760 F.3d 290, 295 (3d Cir. 2014). Counsel may prevail on a motion to withdraw by "demonstrat[ing] to the satisfaction of the district court that [counsel's] appearance serves no meaningful purpose." *LabMD Inc. v. Boback*, 47 F.4th 164, 190 (3d Cir. 2022) (internal citations and quotation marks omitted). A withdrawing firm serves no meaningful purpose when "efforts to communicate with [the client] through the Firm are futile." *Ohntrup*, 760 F.3d at 295. "[I]t would be an abuse of discretion to deny [a] motion to withdraw" when the withdrawing firm serves no meaningful purpose. *Id.*

7. The law is well-established that a corporate defendant may appear in federal courts only through licensed counsel. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 217 (1993); *Simbraw, Inc. v. United States*, 367 F.2d 373, 373-74 (3d Cir. 1966). However, there is no requirement that counsel must not withdraw until a corporate client has retained substitute counsel. *See Ohntrup*, 760 F.3d at 295. The failure of a corporate defendant to retain licensed counsel within the time frame ordered by the court may result in the entry of default in appearance and/or default judgment under Federal Rule of Civil Procedure 55. *See Endobotics, LLC v. Medrobotics Corp.*, C.A. No. 19-381-CFC, 2020 WL 7042892, at *1-2 (D. Del. Dec. 1, 2020).

8. **Analysis.** In support of their motion to withdraw, Movants cite Model Rules 1.16(b)(5) and 1.16(b)(7) of the American Bar Association's Model Rules of Professional Conduct, which provide that a lawyer may withdraw from representing a client if "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been

3

given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled," and "other good cause for withdrawal exists," respectively. (D.I. 163 at 4) Movants have cited the nonpayment of more than $140,000 in fees,[3] and they contend they have been unable to communicate with the Judgment Debtors. (D.I. 170-1 at ¶ 4)

**9.** Model Rule 1.16(c) sets forth an exception to Model Rule 1.16(b), providing that "[a] lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation." Model Rule 1.16(c); *see Taylor v. U.S.*, C.A. No. 12-12-SLR-SRF, 2013 WL 1897839, at *2 (D. Del. May 7, 2013). Local Rule 83.7 also provides that a court order is required when withdrawal will leave a party without "a member of the Bar of this Court appearing as counsel of record for the party." D. Del. LR 83.7.

**10.** The motions to withdraw are DENIED without prejudice as to corporate defendants Stardust389, Inc. and Airlock389 Inc. and GRANTED as to Cooper.[4] Movants have established good cause for their withdrawal from the representation due to nonpayment of fees and a lack of communication with the Judgment Debtors. However, Movants' continued representation of the corporate entities will serve a meaningful purpose over the course of the next month in accordance with the court's Memorandum Order issued on this same date ordering the Judgment Debtors to comply with their discovery obligations. *See Ohntrup v. Firearms Ctr., Inc.*, 802 F.2d

---

[3] On November 20, 2023, the court issued a Memorandum Order granting a motion to withdraw as counsel filed by previous counsel for Stardust389, Inc., Airlock389 Inc., Christopher Cooper, and Patricia Ann Bellasalma. (D.I. 84) That motion was based in part on the Judgment Debtors' failure to pay legal fees, and it was granted largely based on assurances that Cooper was attempting to obtain substitute counsel for the corporate defendants. (*Id.* at ¶¶ 4, 6)

[4] Plaintiffs do not oppose the withdrawal of counsel for Cooper. (D.I. 171 at 1)

4

676, 679-80 (3d Cir. 1986) (concluding that continued representation would serve a meaningful purpose where a short period of time elapsed after the entry of judgment and further discovery in aid of execution was contemplated). It is well-established that the corporate defendants cannot be deposed unless they are represented by counsel. *See Rowland*, 506 U.S. at 217. In this case, Movants were unable to verify whether the Judgment Debtors were informed of the upcoming depositions or the consequences of counsel's efforts to terminate the representation prior to those depositions when counsel's letter terminating the representation was sent on December 23, 2025. Due to Plaintiffs' ongoing efforts to depose the Judgment Debtors and the lack of evidence establishing that the Judgment Debtors were fully informed of the consequences of Movants' withdrawal from the representation, the court finds that Movants' continued representation would serve a meaningful purpose at this juncture.

**11.** Movants may renew the motions to withdraw no earlier than April 17, 2026, after the completion of post-judgment deposition discovery of the corporate entities. Any renewed motions shall comply with the requirement of District of Delaware Local Rule 83.7, which requires the attorney seeking withdrawal to provide notice of the motion "to each party and served on the party client, at least 14 days before the motion is presented [to the court], by registered or certified mail addressed to the client's last known address." Proof of service in accordance with the Local Rules shall be attached as exhibits to any renewed motion or the motion will be stricken and not acted upon by the court. Movants must also confirm they have informed the Judgment Debtors of the consequences of the proposed withdrawal because a corporate defendant may appear in federal courts only through licensed counsel. *See Rowland*, 506 U.S. at 217. The renewed motions shall be accompanied by exhibits demonstrating the efforts Movants made to contact the clients since the entry of judgment on July 2, 2025.

5

**12. Conclusion.** For the foregoing reasons, IT IS ORDERED that the motions for leave to withdraw as counsel for Defendants (D.I. 163; D.I. 170) are GRANTED-IN-PART pursuant to D. Del. LR 83.7 as follows:

(i) The motions to withdraw are GRANTED with respect to Cooper. Movants, the law firm of Garibian Law Offices, P.C. and *pro hac vice* counsel James A. Wolff, formerly of the law firm of Warshaw Burstein, LLP, are hereby WITHDRAWN as counsel of record for Cooper and are relieved of all further obligations on behalf of Cooper.

(ii) Cooper shall have **forty-five (45) days** from the date of this Memorandum Order, on or before **May 4, 2026**, to retain new counsel or notify the court if he intends to proceed as a *pro se* litigant.

(iii) On or before **March 26, 2026**, Movants shall provide Plaintiffs' counsel with the last known email and mailing addresses for Cooper and any business manager, accountant, and/or other individual purporting to represent Cooper based on the most current information in Movants' possession.

(iv) The motions to withdraw are DENIED without prejudice with respect to Stardust389, Inc. and Airlock389 Inc. Movants may renew the motion to withdraw no earlier than **April 17, 2026**, after the completion of post-judgment deposition discovery of the corporate entities. Any renewed motions shall comply with D. Del. LR 83.7 and shall be accompanied by the following: **(a)** proof of service of the motions to withdraw on the Judgment Debtors at least fourteen days prior to the filing of the motions to withdraw, in accordance with D. Del. LR 83.7; and **(b)** exhibits demonstrating the efforts

6

Movants made to contact the clients since the entry of judgment on July 2, 2025.

(v) On or before **March 26, 2026,** Movants shall serve a copy of this Memorandum Order on the Judgment Debtors via Federal Express and electronic mail and shall docket a certificate of service confirming same. Along with this Memorandum Order, Movants shall inform Stardust389, Inc. and Airlock389 Inc. that a corporate defendant cannot appear *pro se* in federal court.

Sherry R. Fallon
United States Magistrate Judge

7