**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| DAVID C. TRAUB, RICHARD O. CABAEL, WILLIAM R. SOTKA, ERN ANDREW GREGORIO, GLORIA GISELDA N. ARROYO, WINELDA C. YCOY, SIMON U. CABAEL, and CHRISTOPHER R. ASIS, | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. 22-1582-SRF |
| STARDUST389, INC.; AIRLOCK389, INC.; CHRISTOPHER H. COOPER, and PATRICIA ANN BELLASALMA, | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

At Wilmington this **19th** day of **November, 2026**, the court having considered Plaintiffs' motion for contempt of court, and to compel compliance with the court's March 20, 2026 discovery order, and for mandatory contempt sanctions against defendants Stardust389, Inc., Airlock389 Inc., and Christopher H. Cooper (collectively, the "Judgment Debtors"), and having heard argument on the motion at hearings on September 17, 2026 and November 17, 2026, IT IS ORDERED that Plaintiffs' motion (D.I. 184) is GRANTED-IN-PART as follows:

1. **Facts.** On July 2, 2025, the court entered a Memorandum Opinion, Order, and Judgment enforcing the parties' settlement agreement in the amount of $1,250,000.00, with interest accruing at a rate of 9.5% per annum as of July 3, 2025. (D.I. 146; D.I. 147; D.I. 148) Plaintiffs then served writs of execution on the Judgment Debtors and sought discovery in aid of execution on the judgment. (D.I. 152; D.I. 153; D.I. 154; D.I. 155; D.I. 156)

**2.** On December 16, 2025, Plaintiffs served notices of deposition and notices for the production of documents on the Judgment Debtors. (D.I. 157) The Judgment Debtors did not appear for deposition or produce any documents. (D.I. 169, Ex. 6)

**3.** On March 10, 2026, Plaintiffs filed a letter with the court seeking to compel the Judgment Debtors to produce all responsive documents, sit for deposition, and reimburse Plaintiffs for court reporter costs incurred due to the Judgment Debtors' nonappearances at their previously scheduled depositions. (D.I. 169, Ex. 7)

**4.** On March 20, 2026, the court entered a Memorandum Order granting-in-part Plaintiffs' request to compel. (D.I. 179) Specifically, the court ordered the Judgment Debtors to produce all responsive documents requested in Plaintiffs' December 16, 2025 deposition notices and appear without objection for oral deposition on a mutually agreed date, with the discovery to be completed by April 16, 2026. (*Id.* at 3) The Memorandum Order further stated that "[t]he Judgment Debtors are hereby warned that failure to comply with this Memorandum Order may result in the Judgment Debtors being held in contempt and/or other sanctions being imposed to enforce the terms of this Memorandum Order." (*Id.*) The Judgment Debtors were served with the Memorandum Order by email and Federal Express. (D.I. 185, Ex. 2)

**5.** On April 1, 2026, Cooper provided written responses to Plaintiffs' discovery requests. (D.I. 185, Ex. 3) Cooper attached a copy of his New Mexico drivers license, his Korea residence card, and the first page of his passport, but he denied having any documents or information responsive to the remaining sixteen categories of Plaintiffs' discovery requests. (*Id.*) Cooper did not verify the accuracy of his written discovery responses and did not confirm a date for his deposition. (*Id.*, Exs. 3-4)

**6.** On April 2, 2026, Plaintiffs' counsel circulated Zoom meeting information for Cooper's virtual deposition scheduled to go forward on April 13, 2026. (*Id.*, Ex. 5) On April 8, 2026, a Swiss attorney sent a letter to Plaintiffs' counsel objecting to the deposition under Swiss law and alleging that any deposition must occur in accordance with Hague Convention procedures. (*Id.*, Ex. 8 at 2-3)

**7.** Cooper did not attend the Zoom deposition on April 13, 2026. (*Id.*, Ex. 7) In a letter issued the same day, Cooper's Swiss attorney reiterated that Cooper did not consent to be deposed. (*Id.*, Ex. 8 at 1) Plaintiffs' counsel addressed Swiss counsel in their own letter dated April 13, 2026, explaining that the Hague Convention does not apply because Cooper already subjected himself to the jurisdiction of this court and challenging Swiss counsel's position that the deposition would violate Swiss law. (*Id.*, Ex. 8 at 5-6)

**8.** Plaintiffs filed the instant motion for contempt of court and to compel compliance with the March 20, 2026 discovery order on June 29, 2026. (D.I. 184) Specifically, Plaintiffs seek the reimbursement of $1,337 in court reporter costs and service fees, attorneys' fees in the amount of $64,870 caused by the Judgment Debtors' failure to appear for deposition and produce documents, and a sanction of $250 per day for each day the Judgment Debtors fail to produce verified responses to Plaintiffs' document requests and fail to appear for and substantively answer questions at a noticed deposition. (D.I. 184-4)

**9.** The court heard argument on Plaintiffs' motion during a virtual hearing on September 17, 2026. Cooper did not enter an appearance on the record during the hearing. Plaintiffs confirmed that they retained a private investigator, garnished Cooper's bank accounts, and initiated proceedings in New Mexico for the sale of Cooper's property. (D.I. 199, Ex. 15)

**10.** On September 18, 2026, the court entered an order to show cause why the Judgment Debtors should not be held in civil contempt, setting an in-person hearing for November 17, 2026 and holding in abeyance a ruling on Plaintiffs' pending motion until after the show cause hearing. (D.I. 198) Plaintiffs supplemented the record on their pending motion on the same date. (D.I. 199)

**11.** At the show cause hearing on November 17, 2026, appearances were made by Delaware counsel for Plaintiffs and Delaware counsel for the corporate Judgment Debtors. Cooper did not appear. Counsel for the corporate Judgment Debtors confirmed his efforts to reach Cooper and/or his clients prior to the hearing were unsuccessful.

**12.** **Legal Standard.** Federal Rule of Civil Procedure 69(a)(2) provides that a judgment creditor "may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). Rule 37 permits a court to impose sanctions when a judgment debtor "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A); *see Hindman LLC v. Mihaly*, 2023 WL 7735543, at *2 (S.D.N.Y. Nov. 15, 2023) (applying Rule 37 in the context of a judgment creditor who "must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor." (internal citations and quotation marks omitted)). Sanctions under Rule 37(b)(2)(A) may include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;

> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). "Instead of or in addition to such orders, 'the court must order the disobedient party, the attorney advising that party, or both to pay the unreasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.'" *Davis v. Erigere Rapidus Sols. ERS, Inc.*, 2025 WL 2962482, at *2 (D.N.J. Oct. 20, 2025) (quoting Fed. R. Civ. P. 37(b)(2)(C)).

**13.** "[C]ivil contempt may be employed to coerce [a judgment debtor] into compliance with the court's order and to compensate for losses sustained by the disobedience." *McDonald's Corp. v. Victory Inv.*, 727 F.2d 82, 87 (3d Cir. 1984). Civil contempt sanctions may take the form of a *per diem* fine imposed for each day a contemnor fails to comply with a court order, and they may be purged by performing "an affirmative act" of later compliance. *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827-29 (1994); *see also Int'l Plastics & Equip. Corp. v. Taylor's Indus. Servs., LLC*, 2011 WL 1399081, at *5 (W.D. Pa. Apr. 12, 2011). The court may also impose a sanction to reimburse a party for attorneys' fees and expenses incurred in attempting to compel compliance with a court order. *Int'l Plastics*, 2011 WL 1399081, at *6 (citing *In re Linerboard Antitrust Litig.*, 361 F. App'x 392 (3d Cir. 2010)).

**14.** Although the court has discretion in deciding whether to impose sanctions, its discretion is not "carte blanche." *Clientron Corp. v. Devon IT, Inc.*, 894 F.3d 568, 580 (3d Cir. 2018). Rather, the Third Circuit has held that a district court's discretion is limited in two ways: (1) "any sanction must be 'just,'" and (2) "the sanction must be *specifically related* to the particular 'claim' which was at issue in the order to provide discovery." *Id.* (quoting *Harris v.*

*City of Phila.*, 47 F.3d 1311, 1330 (3d Cir. 1995) (emphasis in original) (internal quotation marks omitted)). The Third Circuit explained that

> [b]oth of these limitations are rooted in notions of due process. The first represents the general due process restrictions on the court's discretion. The second requires that a specific nexus exist between the sanction imposed and the underlying discovery violations. Or put differently, it requires that the unproduced discovery be sufficiently material to the administration of due process to support a presumption that the failure to produce constituted an admission by the offending party that its asserted claim or defense lacked merit.

*Id.* at 581 (internal quotations and citations omitted). A court imposing either a fine or an award of attorneys' fees and expenses "must consider that such a sanction would be improper if the contemnor is financially unable to make such payments." *Int'l Plastics*, 2011 WL 1399081, at *6. The contemnor bears the burden of proving such an inability to make the payments. *Id.*

**15.** **Analysis.** The record before the court establishes that Plaintiffs served notices of deposition and requests for the production of documents on the Judgment Debtors to obtain discovery in aid of execution on the judgment on December 16, 2025. (D.I. 157) The Judgment Debtors did not appear for deposition or produce any documents, and the court issued its March 20, 2026 Memorandum Order compelling compliance and cautioning that failure to respond could result in the imposition of sanctions for civil contempt. (D.I. 179) The information sought in Plaintiffs' post-judgment discovery requests is relevant to Plaintiffs' efforts to attach the Judgment Debtors' property or otherwise collect on the judgment. *See Ohntrup v. Makina Ve Kimya Endustrisi Kurumu*, 760 F.3d 290, 294 (3d Cir. 2014).

**16.** In April of 2026, Cooper failed to appear for deposition and provided unverified, non-substantive responses to the document requests. (D.I. 185, Ex. 3 at 2-4) (denying possession of any documents regarding income, outstanding financial obligations, assets, lines of credit, or employment, among other things). These facts support a finding that the Judgment Debtors

failed to comply with the court's March 20, 2026 Memorandum Order, despite having knowledge of the valid court order.[1] *See Andrews v. Holloway*, 256 F.R.D. 136, 141 (D.N.J. 2009) (explaining that a plaintiff seeking a civil contempt order "must show by clear and convincing evidence: (1) that a valid court order existed; (2) that defendant had knowledge of the order; and (3) that defendant disobeyed the order."). Cooper also violated the court's September 18, 2026 show cause order by failing to appear at the show cause hearing on November 17, 2026. (D.I. 198) Therefore, Cooper has not met his burden to show that the Judgment Debtors made reasonable efforts to comply with the court's order, that he is unable to make the requested payments, or that an award of sanctions would otherwise be unjust. *See Int'l Plastics*, 2011 WL 1399081, at *6; *see also TracFone Wireless, Inc. v. Holden Property Servs., LLC*, 103 F. Supp. 3d 1357, 1361 (S.D. Fla. 2015). An award of civil contempt sanctions is supported by the record.

**17.** Plaintiffs request three forms of relief: (1) a court order compelling the Judgment Debtors to comply with their discovery obligations by producing documents responsive to Plaintiffs' requests for production, proposing three dates when they are available for deposition, and appearing for deposition; (2) monetary sanctions under Rule 37(b)(2)(C) to reimburse Plaintiffs for the reasonable expenses incurred as a result of the Judgment Debtors' failure to

---

[1] The Judgment Debtors cannot reasonably claim a lack of notice. The March 20, 2026 Memorandum Order required counsel for the Judgment Debtors to "serve a copy of this Memorandum Order on the Judgment Debtors and any individuals purporting to represent the Judgment Debtors at their last known email and mailing addresses based on the most current information in counsel's possession." (D.I. 179 at 3) On March 25, 2026, counsel for the Judgment Debtors filed a certificate of service certifying that the Judgment Debtors were served via email and Federal Express. (D.I. 182) It is well-established that a *pro se* plaintiff is under a continuing obligation to notify the court of any change in his address. *See Greene v. Scharf*, 2023 WL 4846851, at *2 (W.D. Pa. July 28, 2023); *Johnson v. Hastings*, 2019 WL 277596, at *1 (D.N.J. Jan. 22, 2019) (citing cases).

comply with the court's March 20, 2026 Memorandum Order, including $1,337 in court reporter costs and service fees and $64,870 in attorneys' fees; and (3) a sanction of $250 per day for each day the Judgment Debtors fail to timely comply with this Memorandum Order, pursuant to Rule 37(b)(2)(A)(vii). (D.I. 184-4) The court addresses each requested form of relief in turn.

**18.** ***Discovery obligations.*** The court previously entered an order compelling the Judgment Debtors to comply with their discovery obligations, and the March 20, 2026 Memorandum Order remains in effect. (D.I. 179) Since the entry of that Memorandum Order, the court has held two hearings on September 17, 2026 and November 17, 2026, and the Judgment Debtors have failed to appear on each occasion. Under these circumstances, entering another order compelling discovery would serve no purpose other than to perpetuate a cycle of motion practice and further accrual of fees. *See Travelers Cas. & Surety Co. of Am. v. Dunmore*, 2019 WL 7048980, at *2 n.5 (E.D. Cal. Dec. 23, 2019) ("Plaintiff is advised that, while the undersigned takes compliance and enforcement of orders seriously, the undersigned does not anticipate serial motions for contempt and compliance.").

**19.** ***Attorneys' fees and expenses.*** Plaintiffs' motion for monetary sanctions under Rule 37(b)(2)(C) is GRANTED-IN-PART. Plaintiffs' request for sanctions in the amount of $1,337 to cover Certified Shorthand Reporter costs and service fees is DENIED. Plaintiffs have not submitted any exhibits substantiating these expenses. The court applies the "lodestar approach" to Plaintiffs' request for attorneys' fees by multiplying the amount of time reasonably expended by reasonable hourly rates based on the prevailing community market rate. *Parallel Iron LLC v. NetApp, Inc.*, 84 F. Supp. 3d 352, 356 (D. Del. 2015). "The party seeking fees bears the burden of establishing the reasonableness of both the time expended and the hourly rates."

*Id.* (internal quotation marks and citations omitted). Accordingly, Plaintiffs' request for attorneys' fees is GRANTED-IN-PART as a lump sum, with no accruing interest, as follows:

| ATTORNEY | REQUESTED AMOUNT | AMOUNT GRANTED | REASON(S) FOR REDUCTION |
|---|---|---|---|
| **Rumberger (D.I. 185)** | $950 / hr.<br>x 56.1 hrs.<br>$53,295.00 | $500 / hr.<br>x 13 hrs.<br>**$6,500.00** | **Rate:** Rumberger's representation that $1,000 per hour is the prevailing rate for employment counsel in California is not persuasive. "[I]n most cases, the relevant rate is the prevailing rate in the forum of the litigation." *Parallel Iron LLC v. NetApp, Inc.*, 84 F. Supp. 3d 352, 361 (D. Del. 2015) (quoting *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 705 (3d Cir. 2005)). Accordingly, the court applies the same hourly rate to lead and Delaware counsel, which is consistent with Rumberger's evidence. (D.I. 186; D.I. 185, Ex. 11)<br><br>**Hours:** The recovery of attorneys' fees is limited to those fees incurred to enforce the court's March 20, 2026 Memorandum Order. Fees incurred prior to the March 20, 2026 Memorandum Order are not recoverable. Fees incurred after that date are limited to the receipt, review, and response to Cooper's noncompliant discovery responses, fees pertaining to the no-show deposition, and fees incurred in the preparation of the pending motion for civil contempt. The court has omitted charges for sending and/or receiving emails which appear duplicative and/or cannot be directly tied to the foregoing topics. |
| **Haverly (D.I. 186)** | $500 / hr.<br>x 21 hrs.<br>$9,750.00 | $500 / hr.<br>x 6.4 hrs.<br>**$3,200.00** | The recovery of attorneys' fees is limited to those fees incurred to enforce the court's March 20, 2026 Memorandum Order. Fees incurred prior to the March 20, 2026 Memorandum Order are not recoverable. The court has also omitted charges for sending and/or receiving emails which appear duplicative and/or cannot be directly tied to the foregoing topics. |

| ATTORNEY | REQUESTED AMOUNT | AMOUNT GRANTED | REASON(S) FOR REDUCTION |
|---|---|---|---|
| **Young (D.I. 187)** | $400 / hr.<br>x 4.8 hrs.<br>$1,920.00 | $400 / hr.<br>x 1.8 hrs.<br>**$720.00** | The recovery of attorneys' fees is limited to those fees incurred to enforce the court's March 20, 2026 Memorandum Order. Young's billing records indicate he spent 1.8 hours to prepare for and attend the deposition. Other entries appear to be related to the potential sale of Cooper's New Mexico real estate. |

**20.** In addition to the foregoing fees, the court awards an additional three hours of attorney time at a rate of $500 per hour to compensate Rumberger and Haverly for their participation in the September 17, 2026 teleconference (one hour each),[2] the preparation and submission of the supplemental Rumberger declaration (half an hour), and Haverly's participation during the November 17, 2026 show cause hearing (half an hour). The court GRANTS an award of attorneys' fees in the amount of $10,420 to compensate counsel for fees incurred prior to the teleconference on September 17, 2026, and $1,500 for fees incurred on and after September 17, 2026, for a total of **$11,920.00**.

**21.** ***Per diem sanctions.*** Plaintiffs' motion for a coercive civil contempt sanction of $250 per day under Rule 37(b)(2)(A)(vii) is GRANTED. "Coercive sanctions . . . look to the future and are designed to aid the plaintiff by bringing a defiant party into compliance with the court order or . . . by setting forth in advance the penalties the court will impose if the party deviates from the path of obedience." *McDonald's*, 727 F.2d at 87 (quoting *Latrobe Steel Co. v. United Steelworkers*, 545 F.2d 1336, 1344 (3d Cir. 1976)). In keeping with this purpose, the Judgment Debtors shall be jointly and severally liable for a sanction of **$250.00** per day until the Judgment Debtors fully comply with the March 20, 2026 Memorandum Order. There shall be no

[2] Young is not admitted *pro hac vice* in Delaware. Although he dialed into the teleconference on September 17, 2026, he did not participate as counsel on behalf of Plaintiffs.

accruing interest on the amount of the *per diem* sanction, and the accrual of sanctions shall be stayed for thirty (30) days from the date of this Memorandum Order to give the Judgment Debtors an opportunity to purge contempt by complying with the court's March 20, 2026 Memorandum Order.

**22.** As discussed during the show cause hearing on November 17, 2026, the court will not entertain serial motions for contempt or enforcement unless the movant has a reasonable basis to seek relief that has not already been granted. *See Travelers Cas.*, 2019 WL 7048980, at *2 n.5 ("Plaintiff is advised that, while the undersigned takes compliance and enforcement of orders seriously, the undersigned does not anticipate serial motions for contempt and compliance."). The filing of such motions is not an efficient use of party or court resources.

**23.** **Conclusion.** For the foregoing reasons, Plaintiffs' motion (D.I. 184) is GRANTED-IN-PART as follows:

**a.** The Judgment Debtors are found in civil contempt of court for failure to comply with the court's March 20, 2026 Memorandum Order and for failing to appear in response to the Show Cause Order. (D.I. 179; D.I. 198)

**b.** Plaintiffs' motion for monetary sanctions in the form of attorneys' fees and expenses under Rule 37(b)(2)(C) is GRANTED-IN-PART. The Judgment Debtors shall be jointly and severally liable for reasonable attorneys' fees in the amount of **$11,920.00**, with no accruing interest. To the extent that Plaintiffs request attorneys' fees and expenses exceeding this amount, the motion is DENIED.

**c.** The Judgment Debtors shall be jointly and severally liable for a sanction of **$250.00** per day until the Judgment Debtors fully comply with the March 20,

2026 Memorandum Order. There shall be no accruing interest on the amount of the *per diem* sanction.

**d.** The *per diem* sanction award is STAYED for thirty (30) days, until **December 19, 2026**, to give the Judgment Debtors an opportunity to purge contempt by complying with the court's March 20, 2026 Memorandum Order. The award of attorneys' fees is not stayed and shall remain in force regardless of whether the Judgment Debtors subsequently purge their contempt.

**e.** Plaintiffs' counsel shall serve a copy of this Memorandum Order by certified mail on the Judgment Debtors at their last known addresses, and by any other appropriate and available means. Plaintiffs' counsel shall file a notice via CM/ECF confirming that they have served the Judgment Debtors with this Memorandum Order and identifying the means of service.

Sherry R. Fallon
United States Magistrate Judge